IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA        :
                                :
                                :
                                :
                                :
v.                              :
                                :
                                :        CRIMINAL CASE NO.
                                :        1:14-CR-00089-AT
CALEB HUNTER                    :
                                :

## ORDER

Defendant's timely objections [Doc. 29] to the Magistrate Judge's Final

Report and Recommendation ("R&R") [Doc. 26] are currently before the Court.

The R&R recommends the denial of Defendant's motions to suppress evidence

and statements made during his interview by law enforcement personnel on May

16, 2013 [Docs. 14, 15].

The Defendant objects on several grounds, including:

(1)    The Magistrate Judge erred in his recitation of facts by specifying that the Defendant directed the agents to the folder that contained child pornography images when the Defendant actually testified that Special Agent Scott opened a folder that he did not direct him to open.

(2)    The Magistrate Judge erred when he rejected as a factual matter testimony that the consent form for the search was executed after the search was conducted and that Agent Scott had advised him that he did not need his help to search the computer.

(3)    Contrary to the Magistrate Judge's finding, the special agent's inspection of the Defendant's computer folders exceeded the scope of

1

the permission he had given to law enforcement agents.  According to Defendant, such a finding is warranted both by his own and Agent Scott's testimony.

(4)    The Magistrate Judge erred in finding that Defendant's statements should not be suppressed as a fruit of an illegal search.

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard.  The Court has conducted a thorough, independent review of the evidence and the parties' respective arguments in connection with Defendant's Motion to Suppress.  It has reviewed the transcript of the evidentiary hearing before the Magistrate Judge, the audio recording of the agents' interview with the Defendant, as well all briefs and exhibits.  Based upon this review, the Court finds the Magistrate Judge's findings and legal analysis are thorough and in all material respects correct.

Defendant's testimony conflicts with that of the special agents regarding whether he executed the consent form for search of his computer before or after the agents actually conducted the search of his computer.  This factual conflict lies at the heart of Defendant's dispute regarding whether he consented to the search his computer and the scope of the search he authorized. The Court in some instances will hold a supplementary evidentiary hearing to address this type of basic factual dispute or the associated factual disputes identified by Defendant in his objections. However, the Court concludes that such a supplementary hearing is not required here based on the evidence the Court has

reviewed and the well reasoned logic of the Magistrate Judge's Report in analyzing the evidence. As the Eleventh Circuit has succinctly held,

> [T]he district court was entitled, after thorough review and a de novo determination, to credit the magistrate judge's findings. A district court is required to make "a *de novo* determination, not [to hold] a *de novo* hearing." *United States v. Raddatz*, 447 U.S. 667, 674, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980).

*United States v. Watkins*, 760 F.3d 1271, 1284 (11th Cir. 2014). *See also United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (holding that Magistrate Judge set forth reasonable grounds for his findings of credibility that supported his conclusions regarding Defendant's voluntary consent to search and that these findings could properly be relied upon by the District Court and Court of Appeals because they were not "improbable" and Defendant could not carry his burden of proof).

The Agents' testimony regarding the timing of their presentation of the consent form to the Defendant for the search was fully consistent with their general practice in conducting such home visitations and searches. Moreover, both at the beginning and end of the Defendant's recorded interview with the agents, Defendant acknowledged that he had voluntarily without any type of coercion agreed to speak to the agents and to the search of his computer. The Court recognizes the possibility that an individual would feel, as Defendant asserts here, that it would be futile to refuse to sign the consent form if his computer had already been searched. However, the entire tone and substance of the Defendant's conversation with the agents reflected in the recorded interview

do not remotely suggest that he had withheld or not provided his voluntary consent to the agents for search of his computer earlier that evening.  As the Magistrate Judge commented, it appears that the Defendant conflated the consent-to-search form with the [property] abandonment form which was presented to him later in the evening for execution.  (Doc. 26 at 13-14.)  Based upon the Court's de novo review of the record and the Magistrate Judge's well reasoned decision, the Court finds that Defendant consented to the search of his computer and that the search fell within the broad scope of the authorized search.

The Court recognizes that the special agents' arrival at the Defendant's home for a "knock and talk search" in the evening could have a psychologically intimidating impact upon the Defendant.  However, for all the reasons discussed in the R&R, the Court finds the totality of the evidence indicates that Defendant voluntarily agreed to the interview questioning by the special agents and that the agents' conduct in securing the interview here was within the bounds of the law. The Court notes further that the agents were not coercive in their actual questioning of the Defendant. Indeed, they appear to have adopted a softened approach in the tone of their questioning based on the Defendant's abject, sad acknowledgment of his long practice of storing child pornography.

Accordingly, the Court finds that the Magistrate Judge's R&R provides a reasonable and correct interpretation of the evidence and applicable law. Defendant's objections [Doc. 29] are overruled, and the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 26] and **DENIES** the

Defendant's motions to suppress evidence [Doc. 14] and to suppress statements [Doc. 15].

**IT IS SO ORDERED** this 6th day of February, 2015.

 

 

_____
**Amy Totenberg**
**United States District Judge**